1 │ ERIC W. SWANIS, ESQ. (Nevada Bar No. 6840)
    STEPHANIE D. BEDKER, ESQ. (Nevada Bar No. 14169)
2 │ GREENBERG TRAURIG, LLP
    3773 Howard Hughes Parkway, Suite 400N
3 │ Las Vegas, Nevada 89169
    Telephone: (702) 792-3773
4 │ Facsimile: (702) 792-9002
    Email: swanise@gtlaw.com
5 │        bedkers@gtlaw.com

6 │ *Attorneys for Defendant*
    *Enterprise Leasing Company-West, LLC*
7 │



___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
        COUNSEL/PARTIES OF RECORD

JUN - 9 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT M. GOGGIN, | Case No.: 3:17-cv-00262-HDM-VPC |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware Corporation; ABC CORPORATIONS I-X, inclusive, BLACK AND WHITE COMPANIES, and DOES 1-XX, inclusive, | |
| Defendants. | |

It is hereby stipulated between Plaintiff, Robert M. Goggin, by and through his counsel of record; and Defendant, Enterprise Leasing Company-West ("Defendant" or "Enterprise"), by and through its counsel of record, that the following protective order pertaining to confidential information disclosed or produced in this case is approved as to form and content, and may be entered as an Order of the Court.

## **Purpose**

1.      The parties recognize that preparation and trial of this action may require the discovery of certain records and other materials claimed by one or more of the parties to contain confidential business, commercial, financial, or personal information. The parties desire to litigate this action without jeopardizing their business and commercial interests, any individuals' legitimate privacy

1

1 | interests, or any third party interests in the confidentiality of this information, and so enter this proposed
2 | stipulated protective order ("Order").

3 |      All documents, transcripts, or other materials subject to this Order, and all information derived
4 | therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise,
5 | that refers, reflects, or otherwise discusses any Confidential Information, as defined below), shall not be
6 | used, directly or indirectly, by any person, for any business, commercial, or competitive purposes, or for
7 | any purpose whatsoever, other than solely in connection with this action and in accordance with the
8 | provisions of this Order.

9 | **Confidential Designations**

10 |     2.    The term "Confidential Information" shall mean and include documents, information or
11 | materials that a party reasonably believes is a formula, practice, process, design, instrument, pattern,
12 | commercial method, or compilation of information not generally known or reasonably ascertainable by
13 | others by which a business can obtain an economic advantage over competitors or customers, and are
14 | designated in good faith as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time
15 | of their production or disclosure in this action. The parties acknowledge that from time to time they may
16 | seek to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents that do
17 | not fall within this definition. The parties agree that these stipulations will be evaluated on a case-by-
18 | case basis and information and materials made subject to the terms of this Order once both sides confirm
19 | in writing their agreement to the same (email is sufficient).

20 |     As a general guideline, materials designated "Confidential" shall be those confidential and
21 | sensitive matters that may be disclosed to the parties for the purpose of the litigation, but which a
22 | producing or disclosing party contends must be protected against disclosure to third parties.

23 |     If a party has a good faith belief that documents, information, or materials are particularly
24 | sensitive, and would not be sufficiently protected as "Confidential," that party may designate said
25 | documents, information, or materials as "Highly Confidential – Attorneys' Eyes Only."

26 |     Absent a specific order by this Court, information once designated as "Confidential" or "Highly
27 | Confidential – Attorneys' Eyes Only" shall be used by parties solely in connection with this litigation,
28 | and not for any business or competitive purpose or function and such information shall not be disclosed

2

to anyone except as provided herein.  A designation of any information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" constitutes certification by the designating party that such person has reviewed the Confidential Information and has made a bona fide determination that: (1) such information is sensitive or otherwise confidential; (2) disclosure of such information without restriction would be detrimental to that party in the conduct of its business or personal affairs and cause cognizable harm; and (3) there is good cause for seeking the Court's protection.

### Manner of Designation of Confidential Information

3.      Documents, information, and materials produced in this case shall be designated in the following manner and at the following times:

(a) Documents.  With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Highly Confidential – Attorneys Eyes Only," as the case may be.

(b) Interrogatories or Request for Admissions.  With respect to responses to interrogatories or requests for admission, the specific pages of the responses containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" information shall be so marked.

(c) Depositions.  In order to obtain confidential or highly confidential treatment of a deposition, the designating party must designate the specific testimony to be maintained as "Confidential" or "Highly Confidential – Attorneys Eyes Only" either on the record at the deposition or within seven (7) business days of receipt of the deposition transcript.  All deposition testimony shall be treated as "Highly Confidential - Attorneys Eyes Only" until such time as the designation deadline has passed.

(d) Documents Produced by Third Parties.  The parties shall have the right to designate materials produced by third parties in this action as "Confidential" or "Highly Confidential – Attorneys Eyes Only" within seven (7) business days of the production of such materials in this action.  All such documents shall be treated as "Highly Confidential - Attorneys Eyes Only" until such time as the designation deadline has passed.

(e) Inadvertent Disclosure.  The inadvertent or unintentional disclosure of confidential business, commercial, financial or personal information without a designation as "Confidential" or

3

"Highly Confidential – Attorneys Eyes Only" shall not be deemed a waiver, either in whole or in part, of a party's claim that the specific information disclosed, any related information, or any information on the same or a related subject matter is confidential and subject to this Order.  Upon discovery of an inadvertent or unintentional disclosure of such confidential information, counsel for the parties should, to the extent possible, cooperate to restore the confidentiality of any such information that was inadvertently or unintentionally disclosed.

(f)  Documents Previously Produced.  Documents previously produced in this case shall not be treated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" under this Order unless so designated within seven (7) business days of notice of entry of this Order.

**Persons Permitted to Have Access to Confidential Information**

4.    The following persons may have access to Confidential Information marked "Confidential" in this action:

(a)    Trial counsel of record for the parties and all partners, associates, outside vendors, and law firm staff thereof who are performing legal services in connection with this action;

(b)    Judges, court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

(c)    Technical, trade, or financial experts or any other persons retained by trial counsel who are reasonably necessary to assist trial counsel of record in this action who execute a Protective Order Acknowledgement (in the form of attached **Exhibit A**)

(d)    Each party and their respective accountants, officers, directors, managers, corporate representatives and in-house attorneys for each party, who are necessary to the defense or prosecution of any issues in this matter.

(e)    Any other person whose deposition is taken in this action and their attorney; provided, however, that Confidential Information may only be shown to said deponent and their attorney to the extent Confidential Information is used as deposition exhibits and, provided, however, that the deponent is not a principal, officer, director, or employee of a competitor of one of the parties.  If a deposition is proposed to be taken of such an individual associated with a competitor and a party wishes to use "Confidential Information" in the deposition, the party

4

wishing to do so shall provide notice to the opposing party at least thirty (30) days in advance in order to give the other party the opportunity to object to such a proposed use, and in the event that the parties cannot come to an agreement on the proposed use of "Confidential Information" for deposition, the objecting party may seek a protective order from the Court.  Any deponent who will be shown Confidential Information must execute a Protective Order Acknowledgement (in the form of attached **Exhibit A**);

(f) any other person or entity as to whom counsel for the producer or provider of the Confidential Information agrees in writing, or whom the Court directs shall have access to such information.

5.     The following persons may have access to Confidential Information marked "Confidential – Attorneys' Eyes Only" in this action:

(a)     Trial counsel of record for the parties and all partners, associates, outside vendors, and law firm staff thereof who are performing legal services in connection with this action;

(b)     Judges, court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

(c)     Technical, trade, or financial experts or any other persons retained by trial counsel who are reasonably necessary to assist trial counsel of record in this action who execute a Protective Order Acknowledgement (in the form of attached **Exhibit A**);

(d)     Any other person or entity as to whom counsel for the producer or provider of the Confidential – Attorneys' Eyes Only Information agrees in writing, or whom the Court directs shall have access to such information.

**No Waiver of Right to Object or Challenge Designation**

6.     The signing of the Order on this Stipulation, or failure of a party, at the time it receives Confidential Information, to challenge or object to the "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Confidential – Attorneys' Eyes Only" designation at any later time. The passage of time before challenge or objecting to such designation shall not be a factor weighing against such challenge or objection.

5

**Matters Otherwise Known Shall Not be Confidential Information**

7.     Confidential Information shall not include any document, information or other materials which:

(a)     has been or becomes generally available to the public from a source other than an unauthorized disclosure by the parties or their counsel;

(b)     are known to or received by a receiving party, prior to the mutual execution of this Stipulation by all parties hereto by their counsel herein;

(c)     are known to a receiving party by lawful means outside of acquisition from, or disclosure by, the producing party; or

(d)     are made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

**Duty of Care and Duty to Report Unauthorized Disclosure**

8.     Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

9.     If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

**Filing of Confidential Information**

10.     Confidential Information shall not be filed in the public record of this action.  Should a Party wish to file with the Court a document constituting or containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, that Party shall provide the designating party with seven (7) days' written notice of its intent to file.  If the designating party believes the relevant standard for sealing can be met, it shall advise the filing party of its intent to move to seal the "Confidential" material no later than four (4) days after receiving notice of the intended filing.  The "Confidential" material must then be filed under seal, and the designating party must file a motion to seal in accordance with the requirements of Civil Local Rule IA 10-5 and the controlling directives of the Ninth Circuit on the same date as the underlying filing. If the designating party fails to timely advise the filing party of its intent to

6

1 move to seal the "Confidential" material, the material may be publicly filed.  Where possible, only

2 "Confidential" or "Highly Confidential–Attorneys Eyes Only" portions of filings with the Court shall be

3 filed under seal.

### Disposition of Confidential Information After Conclusion of This Action

5     11.    Within sixty (60) days of the later of the final conclusion of this action, including any

6 appeals or petitions for review or either of such actions, all Confidential Information, including all

7 electronic and photocopies thereof, shall be destroyed by the receiving party (or, upon request, returned

8 to the producing party at the producing party's expense).  Provided, however, that attorneys of record for

9 each party shall be entitled to retain all exhibits admitted into evidence at trial, pleadings, motion papers,

10 discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence and work

11 product.

### This Stipulation and Order Thereon Not Dispositive Of All Issues
### Regarding Confidential Information

13     12.    This Stipulation and Order thereon are not intended to deal with any discovery objections

14 on the grounds of attorney-client privilege or work product immunity, or to preclude any party from

15 seeking relief either from a provision of the Order on this Stipulation or any other relief from this Court.

### Inadvertent Production of Privileged or Work Product Information

17     13.    Inadvertent production of documents subject to work product immunity or the attorney

18 client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing

19 party shall promptly notify the receiving party in writing of such inadvertent production after the

20 producing party learns of such inadvertent production.  If prompt notification is made, such

21 inadvertently produced documents and all copies thereof shall be returned to the producing party or

22 destroyed, upon request.

### Procedure For Challenging Designation by Producing Party

24     14.    If a party challenges the grounds or basis for the designation of any document(s) or

25 information as Confidential or Highly Confidential – Attorneys' Eyes Only, counsel shall meet and

26 confer expeditiously, including by personal consultation with a sincere effort to resolve the disputed

27 issues without court action.  Should the Parties engage in motion practice, the burden shall be on the

28 party seeking to designate the material to substantiate the designation.

7

### Modification

15.    Any party to this Stipulation may, at any time, request the modification of the Order entered on this Stipulation, upon a showing of good cause.

### Survival

16.    The obligations of this Order shall survive the termination of the action and continue to bind the parties.

### Production via Subpoena or Compulsory Process

17.    Nothing herein shall prevent any party who has received "Confidential" or "Highly Confidential — Attorneys Eyes Only" information pursuant to this Order from producing such information in response to a lawful subpoena, discovery request, or other compulsory process; provided that any party receiving such subpoena or process shall, as soon as reasonably practical, provide notice to the designating party in order to allow such designating party a reasonable opportunity to seek a protective order or similar relief from the Court.

**STIPULATED AND AGREED TO:**

Dated June 7, 2017.

| GREENBERG TRAURIG, LLP | BRADLEY, DRENDEL & JEANNEY |
|---|---|
| /s/ Eric W. Swanis<br>ERIC W. SWANIS, ESQ.<br>STEPHANIE D. BEDKER, ESQ.<br>3773 Howard Hughes Pkwy., Suite 400N<br>Las Vegas, Nevada 89169<br>Attorneys for Defendant Enterprise Leasing<br>Company- West | /s/ William C. Jeanney<br>WILLIAM C. JEANNEY, ESQ.<br>P.O. Box 1987<br>Reno, NV 89505<br>Attorney for Plaintiff Robert M. Goggin |

### ORDER

**IT IS HEREBY ORDERED.**

DATED this 9th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

WPB 384008358v2

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT M. GOGGIN, | Case No.:  3:17-cv-00262-HDM-VPC |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT EXHIBIT A** |
| ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware Corporation; ABC CORPORATIONS I-X, inclusive, BLACK AND WHITE COMPANIES, and DOES 1-XX, inclusive, | |
| Defendants. | |

I have read the Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____

Signature: _____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

_____

WPB 384008358v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2017, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** was filed and served via the United States District Court's ECF System to the person(s) as listed below:

William C. Jeanney   wcjeanney@bdjlaw.com, wcjeanney@yahoo.com, reva@bdjlaw.com, mike@bdjlaw.com

_/s/Sandy Jackson_
An employee of Greenberg Traurig, LLP

WPB 384008358v2