**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
ROBERT M. GOGGIN,                )    3:17-cv-00262-HDM-VPC
                                 )
          Plaintiff,             )
                                 )    ORDER
                                 )
vs.                              )
                                 )
ENTERPRISE LEASING COMPANY-WEST, )
LLC, a Delaware Corporation; ABC )
CORPORATIONS I-X, inclusive,     )
BLACK AND WHITE COMPANIES, and   )
DOES I-XX, inclusive,            )
                                 )
          Defendants.            )
_____)
```

Before the court is defendant Enterprise Leasing Company-West, LLC's ("Enterprise") motion to dismiss the amended complaint. (ECF No. 4). Plaintiff Robert M. Goggin ("plaintiff") responded (ECF 15) and Enterprise replied (ECF No. 21).

This action arises from an automobile accident in which plaintiff was struck by a vehicle driven by James Sidney Proctor ("Proctor"). Proctor crossed all lanes of traffic, drove onto a sidewalk, and hit plaintiff as he was jogging. Plaintiff suffered substantial bodily harm. Enterprise owned the vehicle and rented it to Proctor. Plaintiff brought two claims against Enterprise in the amended

1

complaint, one based on negligence and one based on permissive use. The first amended complaint alleges that at the time "defendants supplied and entrusted the automobile to Proctor, it knew or in the exercise of reasonable care should have known that Proctor did not have a valid Nevada driver's license, and that he was an incompetent and unfit driver and would create an unreasonable risk of injury to persons and property on the public streets and highways." (ECF No. 1-2 at ¶ 10).

Enterprise moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

Enterprise argues that the amended complaint fails to contain sufficient facts to support a negligent entrustment claim. Specifically, Enterprise asserts that plaintiff has not pled a duty or a breach of that duty. Additionally, Enterprise argues that it

"could have complied with its statutory requirements [under Nevada law] without learning that the license was invalid." (ECF No. 4 at 4). Plaintiff's amended complaint states a plausible claim for negligent entrustment. In so deciding, the court notes that Enterprises's motion largely seeks detailed factual allegations that are not required by *Twombly* or *Iqbal*. Accordingly, the motion to dismiss the negligent entrustment claim is denied.

Enterprise also argues that the amended complaint fails to contain sufficient facts to support a claim for permissive use as "there is no recognized cause of action for 'permissive use' in Nevada." (*Id.* at 5). Plaintiff failed to provide any points and authority in support of his claim for permissive use and failed to respond to Enterprise's motion to dismiss this claim. Pursuant to Local Rule 7-2(d), this failure constitutes a consent to the dismissal of the claim. As such, the court dismisses plaintiff's permissive use claim.

Plaintiff seeks leave to amend his complaint to add a claim for a violation of NRS 483.610(1), which requires rental car companies to rent vehicles only to individuals that are duly licensed. Rule 15(a) provides that leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, a court considers the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment.'" *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.

2002) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)). Because Enterprise does not argue that leave to amend would be futile, the court will allow the amendment.

Accordingly, the motion to dismiss (ECF No. 4) is granted in part as to plaintiff's claim for permissive use. Plaintiff shall file his amended complaint on or before July 11, 2017. Enterprise's motion for leave to supplement (ECF No. 29) is denied without prejudice. The motion to seal Exhibit 2 to the motion to supplement (ECF No. 30) is granted.

IT IS SO ORDERED.

DATED: This 28th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE