UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT M. GOGGIN,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE LEASING COPANY-WEST, LLC, a Delaware Corporation; ABC CORPORATIONS 1-X, inclusive, BLACK AND WHITE COMPANIES, and DOES 1-XX, inclusive,<br><br>Defendant. | Case No. 3:17-cv-00262-HDM-VPC<br><br>ORDER |
| ENTERPRISE LEASING COMPANY-WEST, a Delaware Corporation,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>JAMES SIDNEY PROCTOR aka JAMES HOOK,<br><br>Third Party Defendant. | |

Before the court is defendant Enterprise Leasing Company-West, LLC's ("Enterprise") motion for summary judgment (ECF No. 89). Plaintiff Robert M. Goggin has responded (ECF No. 100) and Enterprise has replied (ECF No. 103). Enterprise's motion is thus ripe for judgment.

**I.     Background**

Enterprise formerly operated a car rental business at 7111 S. Virginia Street in Reno, Nevada. On September 29, 2016, James Sidney Proctor ("Proctor") rented a car from Enterprise at the 7111 S. Virginia Street location. Before renting the car, Proctor presented his driver's license. The license was facially valid and indicated that Proctor was a duly licensed driver in the state of Nevada. At the time of the rental, Proctor represented that he was duly licensed and his license was valid. Although Proctor

presented a facially valid driver's license, his license was in an administrative "cancelled" status because of inadequate documentation relative to Proctor's payment of his prior child support obligations and Proctor's driving privileges had been administratively suspended.

After renting the car, Proctor drove to his home in Fallon, Nevada. Sometime subsequent to arriving at his home, Proctor took more than his usual dose of prescribed Oxycodone. Later, in the early morning hours of September 30, 2016, Proctor struck plaintiff with the rental vehicle while plaintiff was jogging. Proctor was arrested and subsequently pled guilty to driving under the influence of a controlled substance.

On February 2, 2017, plaintiff initiated this action by filing a complaint in the Second Judicial District Court of the State of Nevada (ECF No. 1, Ex. 1). On April 26, 2017 Enterprise filed its petition for removal (ECF No. 1). In his errata to his second amended complaint, plaintiff alleged he is entitled to damages on theories of negligent entrustment and negligence per se against Enterprise (ECF No. 40). On December 12, 2017, Enterprise filed a third party complaint against Proctor alleging it is entitled to indemnification and contribution from Proctor in the event Enterprise is found liable under plaintiff's claims (ECF No. 61). On April 23, 2018, Enterprise filed its motion for summary judgment, arguing that there are no issues of material fact in dispute and it is entitled to judgment as a matter of law on plaintiff's negligence claims (ECF No. 89). For the following reasons, Enterprise's motion is granted.

**II.    Legal standard**

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the evidence lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the

1  litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978).

**III.   Analysis**

   **a.  Negligent entrustment**

"The key elements [of a negligent entrustment claim] are whether an entrustment actually occurred, and whether the entrustment was negligent." *Zugel v. Miller,* 100 Nev. 525, 527, 688 P.2d 310, 312 (1984). Here, there is no dispute that an entrustment actually occurred when Enterprise rented a vehicle to Proctor. Therefore, the issue is whether that entrustment was negligent. In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores,* Inc., 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009).

Under Nevada law, the theory of negligent entrustment "appl[ies] where one who has the right to control the car permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others." *Mills v. Continental Parking Corp.*, 86 Nev. 724, 726, 475 P.2d 673, 674 (1970). Other jurisdictions similarly apply the doctrine of negligent entrustment to cases involving motor

vehicles. *See Snyder v. Enterprise Rent-A-Car Co. of San Francisco (ERAC-SF)*, 392 F.Supp.2d 1116, 1121 (N.D. Cal. 2005) ("Under California law one who places or entrusts his or her motor vehicle in the hands of one whom he or she knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver." (internal quotation marks omitted)).

Plaintiff argues that Enterprise had a duty to access and examine Proctor's driving records with the DMV and that Enterprise breached that duty when it failed to do so and rented a vehicle to Proctor despite his license having been administratively "cancelled" by the DMV. Enterprise responds that it was under no duty to access and examine Proctor's driving records with the DMV and that, under the circumstances, there are no issues of material fact in dispute that it knew or should have known that renting a vehicle to Proctor would create an unreasonable risk of harm to others. Therefore, Enterprise argues it is entitled to summary judgment on plaintiff's negligence cause of action.

In support of its argument, Enterprise points to well-reasoned cases from other jurisdictions holding that rental agencies are under no duty to access and examine DMV records of prospective renters who present facially valid driver's licenses before renting their vehicles. *See, e.g. Eaton v. Shelton*, No. 212CV232 DAK, 2014 WL 2565656, *6 (D. Utah June 6, 2014) ("there are many cases in which courts have found that rental companies do not have a duty to verify the status of a facially valid driver's license or to otherwise investigate a renter's driving record"); *Cousin v. Enterprise Leasing Company-South Cent., Inc.*, 948 So. 2d 1287, 2007 WL 474308 (Miss. Feb. 15, 2007) (no evidence of negligence per se under statute requiring that owner rent vehicle only to persons "then duly licensed" where rental company accepted facially valid, unexpired licenses without further verification); *Nunez v. A&M Rentals, Inc.,* 63 Mass. App. Ct. 20, 822 N.E.2d 743, 2005 WL 326921 (Mass. App. Ct. Feb. 14, 2005) (rental company had no duty to verify status of license with commercially available technology to satisfy statutory requirement to rent only to holders of "a duly issued license"); *Cowan v. Jack*, 922 So. 2d 559, 565,

4

2005 WL 3763974 (La. App. 4 Cir. Dec. 21, 2005) ("the jurisprudence has recognized that 'the possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary.'") (citation omitted).

These cases are persuasive, especially considering Nevada's statutes governing rental vehicles. Pursuant to NRS 483.610(1), "[n]o person shall rent a motor vehicle to any other person unless the latter person is then duly licensed [under Nevada law], or, in the case of a nonresident, then duly licensed under the laws of the state or country of his or her residence . . ." NRS 483.610(2) provides that "[n]o person shall rent a motor vehicle to another until the person has inspected the driver's license of the person to whom the vehicle is to be rented and compared and verified the signature thereon with the signature of such person written in his or her presence." The Nevada Legislature has prescribed the duty owed when renting a vehicle. That duty is satisfied when the rental car agency inspects the driver's license of the person to whom the vehicle is to be rented, makes certain there are no restrictions on the face of the license, and makes certain the applicant is the person depicted on the license by verifying the signature.

Here, it is undisputed that Proctor presented a facially valid license at the time he rented the vehicle from Enterprise. There was nothing on the face of the license that showed it had been "administratively cancelled." It is also undisputed that Proctor did not appear unfit or incompetent to drive by way of age, intoxication, or any physical impairment at the time of the rental. It is also undisputed that Enterprise did not know that Proctor's license had been administratively cancelled for failing to show he had paid child support nor did they know that he had previously been convicted of driving under the influence. Finally, it is undisputed that Enterprise inspected Proctor's facially valid driver's license and verified his signature before it rented him the vehicle. Therefore, under existing Nevada law, Enterprise was under no legal duty to conduct any additional investigation after Proctor presented his facially valid driver's license.

In addition, the court concludes that there are no material issues of fact in dispute that would establish that the administratively cancelled status of Proctor's license at the

time of the rental was the proximate or legal cause of plaintiff's damages. Proctor's license had been administratively cancelled for failure to show he had paid child support, not for impaired driving. There is no dispute that the cause of the accident was the fact that Proctor consumed medication sometime after he rented the vehicle and then drove the vehicle and injured the plaintiff.

Therefore, the court concludes that plaintiff has failed to establish that material issues of fact exist sufficient to establish that Enterprise breached its duty of care or that Enterprise's conduct was the proximate or legal cause of plaintiff's injuries.

### b. Negligence per se

"A negligence per se claim arises when a duty is created by statute. A civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." *Sanchez ex. rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 828, 221 P.3d 1276, 1283 (2009). Plaintiff's negligence per se argument is premised on an alleged violation of NRS 483.610. In its entirety, NRS 483.610 provides:

> 1. No person shall rent a motor vehicle to any other person unless the latter person is then duly licensed under NRS 483.010 to 483.630, inclusive, or, in the case of a nonresident, then duly licensed under the laws of the state or country of his or her residence except a nonresident whose home state or country does not require that a driver be licensed.
>
> 2. No person shall rent a motor vehicle to another until the person has inspected the driver's license of the person to whom the vehicle is to be rented and compared and verified the signature thereon with the signature of such person written in his or her presence.
>
> 3. Every person renting a motor vehicle to another shall keep a record of the registration number of the motor vehicle so rented, the name and address of the person to whom the vehicle is rented, the number of the license of the latter person and the date and place when and where the license was issued. Such record shall be open to inspection by any police officer or officer of the Department.

6

Plaintiff argues that Enterprise violated NRS 483.610(1) because Proctor was not "duly licensed" at the time he rented the vehicle from Enterprise. Plaintiff also argues that he is a member of the class of persons who were intended to be protected by the enactment of NRS 483.610(1) and thus the duty and breach elements of his negligence claim have been established.

As set forth above, it is undisputed that Enterprise inspected Proctor's license and compared his signature to the signature on the license and determined that the license was facially valid and contained no restrictions at the time he rented the vehicle. Therefore, Enterprise complied with the requirements of NRS 483.610 prior to renting the vehicle to Proctor and is entitled to summary judgment on plaintiff's negligence per se claim.[1]

## IV. Conclusion

Based on the foregoing, the court concludes that there are no material facts in dispute for trial and Enterprise is entitled to summary judgment. Therefore, Enterprise's motion for summary judgment (ECF No. 89) is GRANTED and judgment shall be entered in favor of Enterprise and against plaintiff Robert M. Goggin. All other pending motions are DENIED as moot. The clerk of the court shall enter judgment in favor of defendant Enterprise Leasing Company-West, LLC and against plaintiff Robert M. Goggin.

IT IS SO ORDERED.

DATED THIS 23rd day of August, 2018.

_____
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE

---

[1] It is for the Nevada Legislature, not this court, to circumscribe the duty of automobile rental agencies to investigate the license status of customers. Here, the Nevada Legislature did so when it last amended NRS 483.610 in 1969 only requiring a facially valid driver's license and a signature comparison.